## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Teresita Herring,

                              Case No.:

               Plaintiff,

v.

The University of Phoenix, Inc.                              **COMPLAINT**
**WITH JURY TRIAL DEMAND**

               Defendants.

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's repeated, unauthorized calls to Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act ("TCPA") and the Georgia Fair Business Practices Act ("GFPBA")..

## PARTIES

1. Plaintiff, Teresita Herring, is natural person who resides in Fulton County, Georgia.

2. Plaintiff is the subscriber for the cellular telephone with the number 404-***-0931.

3. Defendant, The University of Phoenix, Inc. (hereinafter "Phoenix") does business in Georgia.

## JURISDICTION AND VENUE

4.   Because this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, jurisdiction of this Court arises under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

5.   Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6.   In or about December, 2015, Plaintiff began receiving calls on her cellular telephone, phone number 404-***-0931, from Defendant in an attempt to sell her educational services.

7.   Over the following two months thereafter, Plaintiff received at least 20 similar calls. Several such unauthorized calls were placed before 8:00 a.m., eastern standard time.

8.   When she answered calls from Defendant, Plaintiff heard pauses and/or clicks and a delay at the beginning of the calls.

9.   Upon information and belief, Defendant used an autodialer and or predictive dialing equipment to make its calls to Plaintiff.

10.  Plaintiff never provided consent for Defendant to call her on her cell phone.

11.   To the extent Plaintiff provided consent for Defendant to call her on her cell phone, Plaintiff explicitly revoked that consent on or about December 5, 2015.

12.   Subsequent to her revocation of consent, Plaintiff did not provide additional consent for Defendant to contact her.

13.   Defendant's calls to Plaintiff had no emergency purpose.

14.   Upon information and belief, frequent, authorized phone calls are Defendant's modus operandi for soliciting business.

15.   Plaintiff was unable to avoid or escape the Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's phone.

16.   Plaintiff carries her cell phone at most times to be accessible to her family, friends and work-place.   Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends and work activity.

17.   On or about February 22, 2016, Plaintiff sent a letter to Defendant in accordance with O.C.G.A. §10-1-399 providing notice of the Plaintiff's grievance and the terms to resolve it prior to litigation.   Defendant did not respond.

18.   Defendant knew or should have known that it did not have Plaintiff's consent
      to receive its calls at all.  Its repeated calls were therefore willful violations.

19.   Defendant's conduct has implications for the consuming public in general
      and potential negative impact on the consumer marketplace.

20.   As a result of Defendant's willful, knowing, and/or negligent actions,
      Plaintiff is eligible for statutory damages.

21.   Also as a result of Defendant's willful, knowing, and/or negligent actions,
      Plaintiff suffered actual damages, including the consumption of "minutes" in
      her cellular plan thus requiring her to pay for the calls, emotional distress in
      managing the persistent calls, and expenses associated with seeking to
      enforce Defendant's compliance with the law.

## TRIAL BY JURY

22.   Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §§ 227(b)(1)(A)(iii)

23.   Plaintiff incorporates by reference all preceding paragraphs as though fully
      stated herein.

4

24.  Defendant willfully and/or negligently violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's cellular telephone, without permission or emergency purpose and using an autodialer.

25.  As a result of Defendant's violations of § 227(b)(1)(A)(iii), Plaintiff is entitled to recover statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

26.  Defendant's actions were willful and/or knowing, rendering it liable for punitive damages and/or statutory damages pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
O.G.C.A. § 10-1-393(a)

27.  Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

28.  The GFPBA directs liberal interpretation and application, as well as harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)).

29.  Defendant willfully and/or negligently violated 47 U.S.C. § 227(b)(1)(A)(iii), as set forth above.

30.  The protections of the TCPA parallel and complement those under the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)).

31. O.G.C.A. § 10-1-393(a) broadly prohibits unfair business practices, not limited to the exemplar list in the following subsection.

32. Defendant called Plaintiff repeatedly, without consent, for purposes of advertising and/or soliciting.

33. Defendant's actions unfairly interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

34. Upon information and belief, Defendant regularly uses repeated, unauthorized phone calls in its advertising and/or solicitation efforts.

35. Plaintiff sent a written demand for relief to Defendant more than 30 days prior to filing this action, in accordance with O.G.C.A. § 10-1-399 (b), and Defendant did not respond.

36. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.G.C.A. § 10-1-399(a), including consumption of "minutes" and emotional distress in managing the persistent calls.

37. Defendant's actions were intentional and/or knowing, rendering it liable for exemplary damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c).

38. Plaintiff is entitled to recover reasonable attorney's fees and expenses pursuant to O.G.C.A. § 10-1-399(d).

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

    a.) Punitive and/or statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each non-consensual phone call;

    b.) General and/or damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c);

    c.) Reasonable attorney's fees and expenses pursuant to O.G.C.A. § 10-1-399(d);

    d.) Such other and further relief as may be just and proper.

Respectfully submitted this 25th day of March, 2016.

*/s/ Matthew T. Berry*
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com

*/s/ Paul J. Sieg*
Plaintiff's Attorney
Paul J. Sieg, Bar No.: 334182
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305
Fax (404) 235-3333
psieg@mattberry.com

7